**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **8:17CR60** |
| vs. | |
| **CORY W. PEUSER,** | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court once again on the Defendant's motion to reduce sentence, *see* ECF No. 54. The Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording him immediate release from custody. The Defendant's motion was denied on April 20, 2020, *see* Memorandum and Order, ECF No. 55, without prejudice to reassertion following exhaustion of administrative remedies. The Defendant now has submitted evidence of his efforts to exhaust certain administrative remedies, ECF No. 56. That documentation, filed as a pending motion, is construed as a re-assertion of the motion appearing at ECF No. 54.

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Defendant's documentation, ECF No. 56, demonstrates his submission of a request for compassionate release to his Warden, which was denied on April 20, 2020.

It also demonstrates his use of an "administrative remedy process" for the appeal of that denial on May 4, 2020, and the denial of the request for administrative remedy by the same warden on May 7, 2020.  The denial of May 7, 2020, states, "you may appeal by filing a BP-10 to the BUREAU OF PRISONS, SOUTHEAST REGIONAL OFFICE, ATTN: REGIONAL DIRECTOR, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response."  ECF No. 56 at Page ID 148. The Defendant has presented no documentation or allegation regarding any effort to exhaust that appeal.

The exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) can be interpreted two ways.  The statute can be read to mean a petition for compassionate release may be submitted to the sentencing judge once 30 days have elapsed after a warden's receipt of a defendant's request, regardless of whether the warden acted on the request within that time.  Most courts, however, have interpreted the language to mean that a petition for compassionate release may be submitted to the sentencing judge if 30 days have elapsed after a warden's receipt of a defendant's request, *and* the warden failed to respond; *but* if the warden denied the request within 30 days of receipt, the defendant must exhaust administrative remedies within the Bureau of Prisons.[1]

---

[1] See *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *4 (D. Ariz. Nov. 8, 2019) (warden of defendant's facility acted within 30 days and defendant's failure to pursue her administrative appeals caused the court to deny her motion on procedural grounds); *United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020) (because warden explicitly denied defendant's request, defendant needed to exhaust his administrative remedies to appeal the warden's denial before filing motion); *United States v. Smith*, No. 4:15-CR-19, 2020 WL 2063417, at *2 (N.D. Ohio Apr. 29, 2020) (because defendant did not exhaust administrative remedies by appealing warden's denial of his request, motion to court was denied); *United States v. Johnson*, No. 4:00-CR-40023, 2020 WL 1434367, at *2 (W.D. Ark. Mar. 24, 2020) ("If the warden of the defendant's BOP facility denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program."); *United States v. Miller*, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("[A] defendant may not file his request with the warden, have it denied, and then

Here, the Defendant has not exhausted his administrative remedies within the Bureau of Prisons, and the Court will not entertain his request for compassionate release until he does so. Accordingly,

IT IS ORDERED:

1. The Defendant's documentation, filed as a Motion, ECF No. 56, is denied, without prejudice to resubmission following exhaustion of administrative remedies; and

---

file a motion with the court 30 days after making the initial request."); *United States v. Nance*, No. 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020) ("[T]his statutory exhaustion requirement has been interpreted to excuse full exhaustion of administrative remedies only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request."); *United States v. Elgin*, No. 2:14-cr-129-JVB-JEM, 2019 U.S. Dist. LEXIS 86571, at *2 (N.D. Ind. May 23, 2019) (defendant could file motion under § 3582 herself "only if either (1) the BOP denies her request and Defendant exhausts all administrative remedies, or (2) the warden fails to respond within thirty days."); *United States v. Alejo,* No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020) ("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons ("BOP") and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief."); *United States v. Rodd*, No. CR 13-230 ADM/JSM, 2019 WL 5623973, at *2 (D. Minn. Oct. 31, 2019) ("[A]n inmate defendant may bring his or her own motion if the defendant has exhausted his administrative appeals or, after the warden of the defendant's facility receives the request for compassionate release, the warden does not respond within 30 days.") *United States v. Flores*, No. CR 15-210 (MJD/DTS), 2020 WL 2526479, at *1 (D. Minn. May 18, 2020) (**"**Before the Court can decide whether Defendant is entitled to compassionate release, he must first 1) exhaust administrative remedies as set forth in the preceding paragraph or 2) show that he made a request for compassionate release to the Warden and the Warden did not respond within 30 days."); *United States v. Schultz*, No. 17-CR-193S, 2020 WL 1872352, at *2 (W.D.N.Y. Apr. 15, 2020) **(**"[B]arring a motion by the Director of the Bureau of Prisons, the statute authorizes a court to modify a previously-imposed term of imprisonment for extraordinary and compelling reasons only if the defendant first presents his or her request for a sentence reduction to the Bureau of Prisons and either (1) the Bureau of Prisons denies the request and the defendant exhausts all administrative rights with respect to that denial, or (2) the warden of the facility takes no action on the request within 30 days of receiving it."); *United States v. Mills*, No. 3:02-cr-115-J-32JBT, 2019 U.S. Dist. LEXIS 10954, at *2 (M.D. Fla., Jan. 23, 2019) ("[A] defendant can only file a motion for compassionate release in two situations: (a) after fully exhausting his administrative rights to appeal; or (2) if the warden fails to timely act."); *United States v. Cassidy*, No. 17-CR-116S, 2020 WL 1969303, at *2 (W.D.N.Y. Apr. 24, 2020) ("The exhaustion requirement is met if the defendant establishes either (1) that the Bureau of Prisons denied his or her request that it bring a compassionate-release motion and he or she fully exhausted all administrative appeal rights with respect to that denial, or (2) that the warden of the facility took no action on his or her request for the filing of a compassionate-release motion within 30 days of receiving it."); *United States v. Smith*, No. 4:95-CR-00019-LPR-4, 2020 WL 2487277, at *9 (E.D. Ark. May 14, 2020) ("[T]he Court concludes that a defendant may only file a motion for compassionate release if he has fully exhausted his administrative remedies, or if the warden fails to act on his request within 30 days of receipt.").

4

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 26th day of May 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge