IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>CORY W. PEUSER,<br><br>                  Defendant. | 8:17CR60<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the Defendant's correspondence, ECF No. 59, filed as a motion to reduce sentence, renewing his *pro se* Motion for Compassionate Release that appears at ECF No. 54, and on the Motion for Leave to File out of Time, ECF No. 65, and Motion to Reduce Sentence, ECF No. 67, subsequently filed by the Defendant's court-appointed counsel. The Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording him immediate release from custody.

      Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

      Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does

> not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> > . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Defendant's motion initially was denied on April 20, 2020, *see* Memorandum and Order, ECF No. 55, without prejudice to reassertion following exhaustion of administrative remedies. The Defendant subsequently submitted satisfactory evidence of his efforts to exhaust administrative remedies, see ECF Nos. 56, 59.

On its initial review of the Defendant's motion, following his exhaustion of administrative remedies, the Court found the Defendant had at least a colorable claim under § 3582(c)(1)(A), because he alleged that he has Type I Diabetes and he is concerned about adverse health consequences if he is exposed to coronavirus. The Court appointed counsel, ECF No. 60; and obtained the Defendant's medical records from the Bureau of Prisons, ECF No. 61. The Government submitted a brief in opposition to the Defendant's early release, ECF No. 63; and the Defendant's counsel filed a new Motion seeking compassionate release, ECF No. 67.

The Court has verified that the Defendant does suffer from Type I diabetes, and the Court recognizes that the Defendant may be more susceptible than the average person to adverse health effects if he is exposed to coronavirus. Yet the Court cannot conclude that the Defendant has shown extraordinary or compelling reasons for a

reduction in his sentence. More important, the factors the Court must consider under 18 U.S.C. § 3553(a) weigh heavily against a reduction in sentence.

The Defendant was sentenced on October 23, 2017, to a term of 84 months incarceration and four years of supervised release after he pled guilty to Conspiracy to Distribute or Possess with Intent to Distribute Five Grams or More of Methamphetamine in violation of 21 U.S.C. § 846. His criminal history is extensive. *See* Presentence Investigation Report, ECF No. 50 at Page ID 108-13. His conduct at the time of this arrest and when on pretrial release further demonstrated his disregard for the law and for the safety of others. *See* Sentencing Recommendation, ECF No. 51 at Page ID 121-22. A reduction in sentence would be inconsistent with all the factors set out in § 3553(a)(1),[1] (2)(A) through (C),[2] and (6).[3] Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Leave to File Out of Time, ECF No. 65, is granted;
2. The Defendant's Motions for Reduction in Sentence, ECF Nos. 59 and 67 are denied.

Dated this 23rd day of July 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[1] "[T]he nature and circumstances of the offense and the history and characteristics of the defendant . . . ."

[2] "[T]he need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant . . . ."

[3] "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."